**SMITH–BERCH, INCORPORATED,** t/a White Marsh Institute, Plaintiff–Appellee,

v.

**BALTIMORE COUNTY, MARYLAND,** Defendant–Appellant,

and

**C.A. Dutch Ruppersberger, III; Baltimore County Department of Permits and Development Management; Arnold M. Jablon, Director of the Balti-**

more County Department of Permits and Development Management; Office of the Zoning Commissioner of Baltimore County; Timothy M. Kotroco, Deputy Zoning Commissioner for Baltimore County; County Council of Baltimore County; Joseph Bartenfelder, Chairman of the County Council of Baltimore County, Defendants.

No. 02–2074.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 2003.

Decided May 20, 2003.

**ARGUED:** John Edward Beverungen, Deputy County Attorney, Baltimore County Office of Law, Towson, Maryland, for Appellant. Ellen Marie Weber, University of Maryland School of Law, Baltimore, Maryland, for Appellee. **ON BRIEF:** Edward J. Gilliss, County Attorney, Baltimore County Office of Law, Towson, Maryland, for Appellant. Richard C. Boldt, University of Maryland School of Law, Baltimore, Maryland, for Appellee.

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Baltimore County, Maryland (the "County") appeals from the entry of an injunction against it. The district court enjoined the County from enforcing those provisions of its recently enacted Bill No. 39–02 that apply to methadone treatment

centers. *See Smith–Berch, Inc. v. Baltimore County, Maryland,* 216 F.Supp.2d 537, 540 (D.Md.2002) (*"Smith–Berch II"*). The district court enjoined Bill No. 39–02 on the grounds that it assertedly violated an injunction that the district court had entered years earlier. The order entered in that earlier opinion stated simply that:

1. Plaintiff Smith–Berch, Inc.'s motion for summary judgment is **granted;**

2. Defendants' motion for summary judgment is **denied;**

3. The Clerks shall **close** this case; and

4. Copies of this Order and the accompanying Memorandum shall be mailed to counsel of record.

*Smith Berch, Inc. v. Baltimore County, Maryland,* 115 F.Supp.2d 520, 524–25 (D.Md.2000) (*"Smith Berch I"*).

The County challenges the district court's subject matter jurisdiction in *Smith–Berch II,* arguing that the district court had lost jurisdiction after the entry of summary judgment in *Smith–Berch I* by closing the case without issuing actual injunctive relief. The plaintiff, Smith Berch, Inc. ("Smith Berch"), argues that the district court had actually granted injunctive relief in its *Smith–Berch I* order because the plaintiff's motion for summary judgment, which the district court granted, contained a request for injunctive relief.

Though the district court's *Smith–Berch I* order may have been intended to grant the injunctive relief requested by Smith–Berch, it did not do so as a matter of law. Federal Rule of Civil Procedure 65 states, in pertinent part, that

> Every order granting an injunction ... shall set forth the reasons for its issuance; *shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained. ...*

Fed.R.Civ.P. 65(d) (emphasis added). Thus, according to Rule 65(d), the district court was required to specifically state the terms of its injunction and could not simply incorporate the plaintiff's proposed injunction in its order. As the *Smith–Berch I* order does not comply with Rule 65(d)—indeed, it does not even purport to grant any injunctive relief—we cannot but conclude that the district court did not issue an injunction in *Smith–Berch I.* As a result, the case was closed and the district court's jurisdiction ended. The district court's opinion and order in *Smith–Berch II* were therefore without jurisdictional basis. We accordingly vacate the district court's order in *Smith–Berch II* and remand with instructions to dismiss. If Smith–Berch wishes to challenge Bill No. 39–02, it may do so in a new, separate proceeding.

*VACATED AND REMANDED.*